UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID BRADSHAW | ) | 1:08-cv-00855-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION |
| v. | ) | TO REMAND THIS ACTION PURSUANT TO |
| | ) | SENTENCE SIX OF 42 U.S.C. § |
| MICHAEL J. ASTRUE, | ) | 405(g) (Doc. 13) |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | ORDER DIRECTING REMAND OF THIS |
| | ) | ACTION PURSUANT TO SENTENCE SIX |
| Defendant. | ) | OF 42 U.S.C. § 405(g) |
| | ) | FOR PREPARATION OF THE |
| | ) | ADMINISTRATIVE RECORD AND FOR ANY |
| | | FURTHER NECESSARY ADMINISTRATIVE |
| | | PROCEEDINGS |

ORDER DIRECTING THE DEFENDANT TO FILE PERIODIC STATUS REPORTS IN THIS ACTION EVERY SIXTY DAYS, THE FIRST TO BE DUE SIXTY DAYS AFTER THE DATE OF FILING THIS ORDER

Plaintiff is proceeding in forma pauperis and with counsel with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. Pursuant to 28 U.S.C. § 636(c), both parties have consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the

1

entry of judgment.[1] Pending before the Court is the Defendant's motion to remand to case pursuant to sentence six of 42 U.S.C. § 405(g).

Plaintiff filed his complaint on June 4, 2008, and proof of service of the summons and complaint on the Defendant was filed by Plaintiff's counsel on June 30, 2008, indicating that service by mail was effected on June 27, 2008. No answer was filed by Defendant. However, on October 17, 2008, Defendant served electronically on Plaintiff's counsel and filed a motion to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff did not file any opposition or notice of non-opposition despite the Court's entry of a minute order in which specific due dates for filing any opposition and reply were set.

Sentence six of 42 U.S.C. § 405(g) provides:

> <u>The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security</u>, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. (Emphasis added.)

The type of remand provided for before the filing of the answer

---

[1] District Judge Anthony W. Ishii ordered the case reassigned to the undersigned Magistrate Judge for all purposes on July 25, 2008.

2

does not implicate the merits of the controversy and is not related to the existence of new, material evidence. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 100 n. 2 (1991). "Good cause" within the meaning of § 405(g) is determined by the Court in its discretion and need not be as technical and cogent a showing as would otherwise be required to justify vacating a judgment or granting a new trial. <u>Gooden v. Barnhart</u>, 191 F.Supp.2d 150, 152-53 (D.C.Cir. 2002). Good cause for remanding a case pursuant to sentence six has been found where it was necessary in order to clear up discrepancies in the record. <u>Gooden v. Barnhart</u>, 191 F.Supp.2d at 153. Inability of the Commissioner to obtain files or reconstruct administrative records can result in a finding that good cause exists to remand the case to the SSA for appropriate action. <u>Gooden</u>, 191 F.Supp.2d at 153 (citing <u>Davila on Behalf of Davila v. Shalala</u>, 848 F.Supp. 1141, 1144 (S.D.N.Y. 1994)); <u>see</u>, <u>Caulder v. Bowen</u>, 791 F.2d 872, 876 (11th Cir. 1986).

    Here, the Defendant states that the tape of Plaintiff's oral hearing before the ALJ cannot be located; on remand, the Commissioner will search for the missing recording, and if it cannot be located within a reasonable time, the case will be remanded to an ALJ for a new hearing and decision.

    The Court concludes that in view of the showing made by Defendant Commissioner, and further considering the absence of any opposition on the part of Plaintiff, a showing of good cause has been made for remanding this action to the Commissioner for location of the tape of the hearing and preparation of the administrative record.

    Accordingly, it IS ORDERED that

1) Defendant's motion to remand the action to the Commissioner for further administrative proceedings IS GRANTED, and

2) The action IS REMANDED pursuant to sentence six of 42 U.S.C. § 405(g) for the purpose of searching for the tapes of Plaintiff's hearing before the ALJ and preparing a full and adequate record of the administrative proceedings, and for any further administrative proceedings as are necessary to complete the administrative hearing of Plaintiff's claim and to create an adequate record thereof for further review by this Court; and

3) Defendant IS DIRECTED to

    a) EXERCISE DUE DILIGENCE to find the missing tape of the hearing and complete preparation of the administrative record within a reasonable time, and, should the tape not be found, to complete the preparation and filing of the administrative record within a reasonable time and without unnecessary delay; and

    b) FILE in this Court status reports every sixty days, with the first to be due sixty days after the date of the filing of this order, describing the extent of any progress on the part of the Commissioner and specifically stating an estimate of any further time necessary within which to complete preparation of the administrative record for this Court's review.

IT IS SO ORDERED.

**Dated:   December 17, 2008**          /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE